### Derrick Dwayne RICHARDSON, Plaintiff–Appellant,

v.

### Gregory BOLAND, et al., Defendants,

**Gregory Boland; Bruce Shields; Martin C. Lansford; Omar S. Sanchez; Jack Borden; Rene Mendoza; Baker; J. Ridge; Wayne Scott; Joseph K. Price, Defendants–Appellees.**

No. 03–10785
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 10, 2003.

Derrick Dwayne Richardson, Texas Department of Criminal Justice, Institutional Division Clements Unit, Amarillo, TX, for Plaintiff–Appellant.

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:*

Derrick Dwayne Richardson, Texas prisoner # 610689, appeals the district court's dismissal of his 42 U.S.C. § 1983 action for failure to exhaust his administrative remedies. Because Richardson's grievances were denied as untimely, he did not exhaust his administrative remedies. *See Days v. Johnson*, 322 F.3d 863, 866–67 (5th Cir.2003); *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir.1995). Richardson has not explained the delay in filing his grievances or shown that any defenses to the exhaustion requirement such as waiver, estoppel, or equitable tolling are applicable. *See Days*, 322 F.3d at 866. This court will not consider Richardson's argument, raised for the first time on appeal, that he was not required to exhaust administrative remedies because he was seeking monetary relief which is not available through the administrative process. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir.1999). Nonetheless, prisoners must exhaust administrative remedies without regard to whether monetary relief is available. *See Booth v. Churner*, 532 U.S. 731, 740, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). The district court's judgment is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.